Good day, everyone. My name is Jyoti Lathipal. I represent the emblement Tenzee Lama-Sherpa. So could you kindly keep your voice up and speak into the microphone so we can have a more peaceful corner? Yes, we will try that. So I represent the emblement Tenzee Lama-Sherpa.  Well, are you ready for a question? Is that what you're suggesting? Basically, we have laid down all the arguments and facts. So let's start with the first question, then. What is the standard of review for this particular motion? This is a piece of discussion on the Board of Trustees. So BIA gets the difference on this decision because it's supposed to reopen. And that means that I have to affirm what the BIA did unless it's arbitrary or irrational or contrary to law. And it comes from a decision my good colleague wrote over here. That's true, right? And who bears the heavy burden in this case to suggest that it is not arbitrary or that it is arbitrary or irrational? Who has the burden? The decision. No, you have the burden. I have the burden. And it's a heavy burden. It is a burden to show that if they were reopened, the new evidence would likely change the result. That's right. So you have the burden of proof on the fact that this new information you've given us would change the result in this particular matter, correct? That's right, Your Honor. Okay. So how do you meet your burden when it is obviously clear that moving to Kathmandu balance or threats would not exist? Your Honor, as we look into the circumstances of that policy, I'm talking about Kathmandu based on this record. There is no evidence. Even when the dad goes to Kathmandu, he has no trouble. And even when your client went to Kathmandu, he had no trouble. The parents lived there for seven years. No problem. The only time they have any problem is when they go over to Jiri. Now, that's an Idaho way to say it. It might not be Jiri. I don't know what it is. But it's J-I-R-I. So, again, how do you get your burden of proof? Your Honor, Nepal is a small country. And Jiri and Kathmandu is just like 50 miles in distance. So what? Five to seven hours drive, according to the record, from Jiri to Kathmandu. So 50 miles, but it takes you seven hours? Based on the work that you said, Your Honor, it's not a real difficulty there. Well, we're back then to my question. You have a heavy burden. And all the evidence here is all we got to do is go to Kathmandu, and they got no problem. And that's what the BIA said. So how am I going to say they abused their discretion? Your Honor, this one is not supposed to sue the countrywide prosecution because he was a Jiri. His father was a Jiri in Jiri. And he fled to Kathmandu. And they are getting threats over there. And it's a small country. And the Huma House Party is currently in the government, the persecutors. The Huma House Party are in the government right now. So there's no evidence in this record, when moving to Kathmandu, that violence or threats of violence existed. And I'm not saying you're not right. I'm saying, based on the abuse of discretion review, how do I overcome this? All I would say is, Your Honor, his father was attacked pretty badly. And they have fear of persecution. They might be attacked any time. This would be based on a reasonable factual basis. Judge Smith is pointing out to you that the factual basis in this case shows that when the family moves to Kathmandu, they do not receive anything similar to persecution. Is there any reason why Mr. Huma Sherman can't move to Kathmandu? Let us know. What's the reason for the evidence? Judge Wright, they are in Kathmandu. But they are not feeling safe because the persecutors are in the Huma House Party. And they are in the government right now. But they've been living there. What's happened to them as a result of living in Kathmandu? The fear of persecution has to be well-founded. If they've been living in Kathmandu without violence, what's the well-founded fear? They are leading threats, leading companies from the past. And the country report also shows that violence has not been stopped yet. It's ongoing. So that means a pretty particular step is well-founded here. But based on the immediate changes in the circumstances, the immigration judge found that Mr. Lavash are both most credible. Therefore, there's no doubt that he himself is subject to the beliefs that he will be subject to malice, intimidation in Kathmandu. But where is the evidence that shows a well-founded and objective and reasonable basis for that fear? Yeah, absolutely. The death notice came off. I picked his first father. And there's some people that are certainly having difficulty understanding the declaration of war. I picked his first father. And there's some people that are certainly having difficulty understanding the declaration of war. And that is submitted as part of your motion to reopen? Yes, sir. I also submitted the threat letter telling me what that declaration said. This is the updated statement of the court. I'll take the officer. This is his declaration of war. There it is. My father is further tapping. In the third paragraph, his father's name is Renzi Silva. And in the third paragraph, he says that... ...YCL terrorists of Mahabharata are still continuing to attack people, often by the Congress. And my son is still on the blacklist on the ground of helping Nepal Army, spying against the Maoists, and denying helping the Maoists, because the petitioner was a certain petitioner of the helping Nepal Army in the past. He worked as a reiki father, in fact, in 2013. He was injured by the Maoists, and then went to live in Kathmandu. What's happened to him from the Maoists since he moved to Kathmandu? The idea is that you are a blacklist. I'm not going to use that. There's some people raising their voices. Thank you very much. Thank you. Good morning. Greg Pennington on behalf of the Attorney General today. The court gave two equally big reasons for denying the motion to reopen. Neither one was arbitrary, contrary to law, or irrational. First, because the motion to reopen was untimely. To excuse the untimeliness, he needed to show materially changed judicial admissions, and the court found that he did not do that. And if you look to the evidence submitted in the 2010 rule proceeding, he submitted the Department of State's country report on Nepal, which stated that the 10-year Maoist insurgency, which started to topple the monarchy in Nepal, resulted in intimidation, political violence, kidnappings, torture, all attributed to Maoists. This was all presented at his removal proceedings. In addition, he presented evidence that he was threatened himself, and his father received threats aimed at the district. All that, the immigration judge found no past persecution and no well-founded fear. The well-founded fear portion was you moved to Kathmandu, your family moved to Kathmandu, and nothing happened. And by law, if you don't establish past persecution, they cannot have a well-founded fear, if you just don't show that you have reasonably relocated. So now, here we are a few years later, and he submitted new country condition evidence, which still talks about the continuing problem with Maoists, and one additional incident with his father to a threat intervening. So, first of all, that's not materially changed the threat. He was threatened in the meeting back in Jiri, right? That's correct. And that goes to the fourth, second reason. So first, he hasn't established materially changed country conditions. And if nothing else, the conditions have remained static. His father still got threats in Jiri. They received a meeting in Jiri, and it happened before. So it goes to the second reason, the fourth, which is, it's not likely to change the outcome of this case. In fact, none of the evidence he submitted with the motion to reopen went to the reasons the board felt no well-founded fear in the first place. It showed an additional beating and threat in Jiri. Again, nothing in Kathmandu. I'm not going to blare the point here. I think the board's decision is pretty clear. I think the court understands it, so there's no further questions. The one suggestion that I think your budget counsel was making was that the Maoists were outrunning the government, and they were not in 2010. Is that accurate? I don't think the record completely bears that out. If I read the most recent State Department report correctly, the 2013 elections resulted in the Maoists holding a third of the parliament, so there was no majority party. So I believe at that time the prime minister might have been a Maoist, but as recently as last month, that has switched back to a Nepali Congress party. Now, that's not in the record, but obviously there's no static conditions there. And I didn't read the 2012 report to say that's about 20% of the government. That's correct. And even if they were running government, it's his burden to show that he can't relocate to Kathmandu, and the evidence shows that he did, and that his parents did, and they're still there, and nothing's happened to them in Kathmandu. And until something else happens, he has the right to file another motion for reopenal and change country conditions. There's no tie or number limitation, so he still has some redress if he thinks that conditions have worsened even since then. But we think this case is pretty straightforward, and the court should deny the petition for review. Thank you very much. Do you wish to make a rebuttal for one minute? Your Honor, this court has established that if the persecutor is in the government, there would not be a safe place for the petitioner in his country of nationality. So I would like to draw the attention of the court that the Maoists are running the government, and the petitioner's father was attacked in Syria, which is not very far from Germany, to Maoist gang. If the petitioner returns to Nepal, they can identify him, they can target him again. And I submitted a constitutional report along with a motion that says that violence is unlawful. Thank you. Thank you very much. Thank you. Thank you, Your Honor. The case is now closed. There are recessions. Peace. Good evening.
judges: Bea, N.R. Smith, Lynn